UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CATHERINE MESSLER, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Lead Case No. 1:11-cv-225[1] |
| v. ) | |
| ) | Judge Mattice |
| COHUTTA BANKING COMPANY OF ) | |
| TENNESSEE, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Dismiss (Doc. 15). Defendants assert that this Court lacks jurisdiction to hear this case. Defendants' Motion will be **GRANTED**.

On August 24, 2011, Plaintiff filed a *pro se* Complaint in federal court against Defendants Cohutta Banking Company of Tennessee; Chambliss, Bahner & Stophel, PC ("Chambliss"); and Chris Varnell.[2] (Doc. 1). To the extent a cause of action may be discerned from the somewhat-diffuse Complaint, it appears that Plaintiff asserts that Defendants intended to foreclose on her home but lack the legal standing to do so. (*See, e.g., id.* at 4-5). She therefore seeks declaratory and injunctive relief related to a July 2011 foreclosure sale. Plaintiff represents that she is a citizen and domiciliary of the State of Tennessee. (*Id.* at 1).

---

[1] This is a consolidated case. Member case numbers are: 1:11-cv-228; 1:11-cv-229; 1:11-cv-230; 1:11-cv-231; 1:11-cv-232; 1:11-cv-233; 1:11-cv-234; 1:11-cv-235; 1:11-cv-236; and 1:11-cv-237.
[2] Cohutta Banking Company, after several corporate iterations, is now known as Synovus Bank. (*See* Doc. 15).

Defendants moved to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 15). Appended to their Motion, they attached the sworn declaration of Dana Perry, President of Chambliss. (Doc. 15-1). In it, Ms. Perry states that Chambliss is a Tennessee professional corporation with its principal place of business in Chattanooga, Tennessee. Defendants assert that the parties are not diverse, and that Plaintiff raises no issue of federal law in her Complaint. (*See* Docs. 15, 16).

Plaintiff did not respond to Defendants' Motion.

When faced with a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction in order to survive the motion. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).[3] In its review of a Rule 12(b)(1) motion, the Court may consider "evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Id.*

The Court notes that Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). However, the leniency afforded to *pro se* plaintiffs is not boundless, and they "are not automatically entitled to take every case to trial." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation omitted). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases. *Durante v. Fairlane Town Ctr.*, 201 F.

---

[3] In this case, Plaintiff's failure to respond is arguably a basis on which to conclude she failed to carry this burden. Nevertheless, in the interests of fairness to a *pro se* litigant, the Court considered Defendants' Motion in light of the statements made in Plaintiff's Complaint.

2

App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002).

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee*, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."). Fed. R. Civ. P. 8(a) requires pleadings to contain, *inter alia*, "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff has provided no such statement in this case, so the Court must attempt to discern it from the Complaint.

It does not appear the Court has jurisdiction, at least pursuant to 28 U.S.C. §§ 1331 or 1332, which are the only jurisdictional statutes relevant here. Under § 1331 (governing "federal question" jurisdiction): "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's Complaint references neither the Constitution nor any

discernible federal statute. Thus, the Court lacks federal question jurisdiction over this matter.

The Court also lacks diversity jurisdiction, which is exercised pursuant to 28 U.S.C. § 1332 over cases between "citizens of different States." 28 U.S.C. § 1332(a)(1). Under this statute, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

In this case, the Complaint does not allege diversity of citizenship, and nothing of record suggests it is present. Indeed, just the opposite appears true. Plaintiff acknowledges that she is a citizen of Tennessee. (Doc. 1 at 1). Defendant Chambliss is also a citizen of Tennessee. *See* 28 U.S.C. § 1332(c)(1). Thus, there is not complete diversity among the parties, and the exercise of jurisdiction under 28 U.S.C. § 1332 would be inappropriate. *See V&M Star*, 596 F.3d at 355.

There being no other apparent basis for the exercise of this Court's subject matter jurisdiction, this case must be **DISMISSED WITHOUT PREJUDICE**.

Accordingly, and for the reasons stated, Defendants' Motion to Dismiss (Doc. 15) is hereby **GRANTED**. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to close this case and all member cases.

4

**SO ORDERED** this 20th day of August, 2012.

                                          */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE

5

Case 1:11-cv-00225-HSM-WBC   Document 18   Filed 08/20/12   Page 5 of 5   PageID #: 112